PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

CHRISTOPHER FOSTER, )
)
Plaintiff, ) CASE NO. 4:26-CV-00476
)
v. )
) JUDGE BENITA Y. PEARSON
OFFICE OF THE CHIEF INSPECTOR, )
OHIO DEPARTMENT OF )
REHABILITATION AND ) **MEMORANDUM OF**
CORRECTION, ) **OPINION AND ORDER**
) [Resolving ECF Nos. 5, 6, 7, 8]
Defendant. )

**I.**

Plaintiff Christopher Foster, a state inmate proceeding *pro se*, sued the Office of the Chief Inspector of the Ohio Department of Rehabilitation and Correction ("ODRC") in the Southern District of Ohio on February 23, 2026.  *See* ECF No. 4.  The case was transferred to the Northern District of Ohio three days later.  *See* ECF No. 2.  Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*, *see* ECF No. 1, a Motion for Leave to File Rule 15, *see* ECF No. 5, a Motion to Change the Cause of Action, *see* ECF No. 6, a Motion for Priority Issuance, *see* ECF No. 7, and a Motion for Leave to File Additional Exhibits, *see* ECF No. 8.  On review, Plaintiff's claims are found to be frivolous and his Complaint is dismissed with prejudice under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1).  His remaining motions are denied as moot.  *See* ECF Nos. 5, 6, 7, 8.  The Court further designates Plaintiff as a vexatious litigant and imposes filing restrictions on him as outlined below.

(4:26-CV-00476)

## II.

*Pro se* pleadings, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972). But under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2), a district court must dismiss a *pro se* complaint *sua sponte* if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted[.]" And when a *pro se* litigant refuses to accept the justification for prior dismissals and continues to file lawsuits vulnerable to dismissal on similar grounds, a court may deem him a vexatious litigant and subject him to appropriate sanctions. *See Tropf v. Fid. Nat. Title Ins. Co.*, 289 F.3d 929, 938-940 (6th Cir. 2002) (affirming imposition of injunctive sanction prohibiting plaintiffs from filing any civil lawsuit in federal court that included similar claims without written permission); *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir.1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation"); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987) ("[A]n order requiring leave of court before the plaintiffs filed any further complaints . . . is the proper method for handling the complaints of prolific litigators, and the procedure does not violate the first amendment"); *Stewart v. Fleet Fin.*, 229 F.3d 1154, 2000 WL 1176881 (6th Cir. Aug. 10, 2000) ("A district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions"); *Clapper v. Clark Dev., Inc.*, No. 14-3500/14-3770, 2015 WL 13688415, at *3 (6th Cir. Apr. 29, 2015) (finding that district courts have "authority to issue pre-filing restrictions to prevent prolific litigants from filing harassing and vexatious pleadings").

2

(4:26-CV-00476)

The inherent authority to enjoin harassing litigation comes from the All Writs Act and is necessary to preserve the resources, integrity, and efficacy of Article III proceedings.  *See* 28 U.S.C. § 1651(a).  Before imposing a vexatious litigant order, however, the Sixth Circuit requires a district court to: (1) give the plaintiff notice; (2) develop an adequate record for appellate review; (3) make substantive findings regarding the plaintiff's frivolous or harassing conduct; and (4) narrowly tailor any restrictions to closely fit the specific abusive conduct at issue.  *See Clemons v. DeWine*, No. 19-3033, 2019 WL 7567197, at *3 (6th Cir. May 1, 2019).  Narrow tailoring is satisfied if the restrictions still give the vexatious litigant with some access to seek appropriate relief in federal court.  *See Ortman v. Thomas*, 99 F.3d 807, 811 (6th Cir. 1996); *Anderson v. Corrigan*, No. 23-4032, 2024 WL 5278791, at *2 (6th Cir. July 1, 2024)

### III.

### A.

In 2012, Plaintiff was convicted on one count of felonious assault and one count of possessing a weapon under disability in the Hamilton County Court of Common Pleas.  *See State v. Foster*, No. B1105686 (Ohio Ct. Com. Pl. Hamilton Cnty. filed Sept. 2, 2011).  He is now under ODRC custody and incarcerated at the Northeast Ohio Correctional Center ("NEOCC") in Youngstown, Ohio with expected release or parole eligibility in 2031.  *See* Ohio Dep't of Rehabilitation & Correction, Offender Details: Christopher Foster (No. A665579), ODRC Offender Search (last visited May 8, 2026).

Since his state sentence began, Plaintiff has filed at least thirteen unfounded *pro se* complaints in the Northern District of Ohio challenging the conditions of his confinement.  *See Foster v. Toledo Corr. Inst.*, No. 3:15-CV-00404 (N.D. Ohio filed Mar. 3, 2015); *Foster v. Ohio*, No. 3:15-CV-02256 (N.D. Ohio filed Nov. 2, 2015); *Foster v. Ohio*, No. 3:16-CV-00476 (N.D.

(4:26-CV-00476)

Ohio filed Feb. 29, 2016); *Foster v. Ohio Dep't of Rehab. and Correction*, No. 3:16-CV-00658 (N.D. Ohio filed Mar. 17, 2016); *Ohio v. Foster*, No. 3:16-CV-01535 (N.D. Ohio filed June 20, 2016); *Foster v. Warden*, No. 3:16-CV-01715 (N.D. Ohio filed July 5, 2016); *Foster v. Lucas County Corr. Ctr.*, No. 3:16-CV-02109 (N.D. Ohio filed Aug. 23, 2016); *Foster v. Lucas County*, No. 3:16-CV-02168 (N.D. Ohio filed Aug. 29, 2016); *Foster v. Trump*, No. 3:20-CV-00532 (N.D. Ohio filed Mar. 9, 2020); *Foster v. United States Dep't of Justice*, No. 3:21-CV-00432 (N.D. Ohio filed Feb. 24, 2021); *Foster v. Northeast Ohio Corr. Ctr.*, No. 4:25-CV-00295 (N.D. Ohio filed Feb. 14, 2025); *Foster v. Smucker*, No. 4:25-CV-01524 (N.D. Ohio filed Jul. 22, 2025); *Foster v. CoreCivic*, No. 4:26-CV-00470 (N.D. Ohio filed Feb. 25, 2026).

He has further filed at least twenty-one unfounded complaints in the Southern District of Ohio.  *See Foster v. City of Cincinnati*, No. 1:14-CV-00617 (S.D. Ohio filed Jul. 31, 2014); *Foster v. Hamilton County*, No. 1:14-CV-00642 (S.D. Ohio filed Aug. 12, 2014); *Foster v. Ohio*, No. 1:14-CV-00668 (S.D. Ohio filed Aug. 20, 2014); *Foster v. Ohio*, No. 1:15-CV-00595 (S.D. Ohio filed Sep. 15, 2015); *Foster v. Toledo Corr. Inst.*, No. 1:15-CV-00713 (S.D. Ohio filed Nov. 5, 2015); *Foster v. Lucas County Corr. Ctr.*, No. 1:16-CV-00835 (S.D. Ohio filed Aug. 11, 2016); *Foster v. Ohio*, No. 1:16-CV-00920 (S.D. Ohio filed Sep. 13, 2016); *Foster v. Ohio Dept. of Rehab. & Corr.*, No. 1:18-CV-00247 (S.D. Ohio filed Apr. 9, 2018); *Foster v. Ohio Dept. of Rehab. & Corr.*, No. 1:18-CV-00259 (S.D. Ohio filed Apr. 12, 2018); *Foster v. Ohio Dept. of Rehab. & Corr.*, No. 2:19-CV-01576 (S.D. Ohio filed Apr. 24, 2019); *Foster v. United States Dep't of Justice*, No. 2:20-CV-06571 (S.D. Ohio filed Dec. 28, 2020); *Foster v. Muir*, No. 1:21-CV-00252 (S.D. Ohio filed Apr. 13, 2021); *Foster v. Ohio D.R.C.*, No. 2:22-CV-02153 (S.D. Ohio filed May 11, 2022); *Foster v. Henderson*, No. 2:23-CV-00947 (S.D. Ohio filed Mar. 13, 2023); *Foster v. Toledo Corr. Inst.*, No. 2:23-CV-03519 (S.D. Ohio filed Oct. 20, 2023); *Foster*

4

(4:26-CV-00476)

*v. S. Ohio Corr. Facility*, No. 1:16-CV-00846 (S.D. Ohio filed Aug. 17, 2016); *Foster v. Ohio,* No. 2:23-CV-00433 (S.D. Ohio filed Jan. 26, 2023); *Foster v. Ohio*, No. 2:24-CV-01598 (S.D. Ohio filed Apr. 5, 2024); *Foster v. CoreCivic, Inc.*, No. 1:26-CV-00167 (S.D. Ohio filed Feb. 17, 2026); *Foster v. ODRC Inspector Off.*, No. 1:26-CV-00189 (S.D. Ohio filed Feb. 23, 2026).

And, undeterred, he has "continued to file repetitive, duplicative, rambling and nonsensical documents in federal courts across the country." *Foster*, 2023 WL 3764566, at *6 (cleaned up); *see Foster v. Trump*, No. 1:20-CV-209-UNA (D.D.C. filed Feb. 24, 2020)*; Foster v. Justice Dep't*, No. 1:21-CV-02273 (D.D.C. filed Aug. 26, 2021); *Foster v. Garland*, No. 1:23-CV-01433 (D.D.C. filed May 30, 2023).  A more thorough and exhaustive review of district court dockets nationwide would undoubtedly reveal similar patterns of frivolous harassment.  He has already been designated a vexatious litigator subject to filing restrictions in state court under Ohio Rev. Code § 2323.52(A)(3) after filing dozens of baseless lawsuits across Ohio.  *See DeWine v. Foster*, No. 16-CV-002732 (Ohio Ct. Com. Pl. Franklin Cnty. Aug. 22, 2017) (collecting cases).  His latest federal complaints are equally incomprehensible, harassing, and derivative.  *See Foster v. ODRC Inspector Off.*, No. 4:26-CV-00476 (N.D. Ohio filed Feb. 26, 2026); *Foster v. CoreCivic, Inc.*, No. 4:26-CV-00470 (N.D. Ohio filed Feb. 25, 2026).

**B.**

In both the Northern and Southern Districts of Ohio, Plaintiff is prohibited from proceeding *in forma pauperis*, having accumulated at least "three strikes" for frivolous filings under 28 U.S.C. § 1915(g).  *See Foster*, 2019 WL 1472093; *Foster*, 2025 WL 2656521.  As a result, he cannot receive pauper status unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  And Plaintiff has been given sufficient notice and warning that his filings are vexatious and harassing.  *See, e.g.*, *Foster*, No. 4:25-CV-00295, ECF No. 47 at

5

(4:26-CV-00476)

PageID #: 421 ("The Court admonishes Foster to avoid filing further frivolous or duplicative documents. Otherwise, the Court will consider imposing sanctions, including designating Foster a restricted filer.")

In the instant Complaint, he claims that "[i]f the Court does not protect [his] status quo . . . [he] will likely be killed [and] severely bodily injured due to imminent danger." ECF No. 4 at PageID #: 7.  Yet he makes no credible showing of imminent danger sufficient to excuse 28 U.S.C. § 1915(g)'s three strike bar.  Rather, his pleadings indicate he is consciously manipulating statutory language in his pleadings, using the "magic words" to encompass his rambling, vague, and generalized allegations, circumvent the three-strike rule, and bypass the Court's screening mechanisms for *pro se* prisoner litigation.  *See* ECF No. 4 at PageID ##: 7–18. Plaintiff has been the beneficiary of the Court's patience for over a decade.

**IV.**

On review, the Court finds Plaintiff's claims frivolous and dismisses this case with prejudice under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b)(1).  His remaining pending motions, *see* ECF Nos. 5, 6, 7, 8, are simultaneously denied as moot.

Furthermore, based on his disreputable conduct over the last twelve years in state and federal courts across the country, the Court designates Christopher Foster as a vexatious litigant and imposes the following filing restrictions upon him:

1. Christopher Foster, or anyone acting on his behalf, is enjoined from filing any civil action in the United States District Court for the Northern District of Ohio unless that filing is reviewed, certified, and signed by an attorney in good standing and admitted to practice in this District.  Such certification must accompany each new purported action before it shall be considered for entry on the docket.

6

(4:26-CV-00476)

2.  Christopher Foster, or anyone acting on his behalf, is enjoined from filing any documents in any civil case—future, pending, or terminated—in the Northern District of Ohio unless that filing is reviewed, certified, and signed by an attorney in good standing and admitted to practice in this District. Such certification must accompany each new filing before it shall be considered for entry on the docket.

3.  If Christopher Foster succeeds in filing any document in violation of this Order, the Clerk of Court shall immediately and summarily strike that filing.

4.  This Order does not apply to the filing of timely notices of appeal to Sixth Circuit and documents filed in furtherance of such appeals.

5.  On receiving notice of this Order, Christopher Foster shall be given the opportunity to be heard by entering a properly supported motion for reconsideration of these restrictions within fourteen days.  That motion shall be excused from the impositions above.  If such a motion is filed and well taken, the Court shall consider modifying these restrictions.

IT IS SO ORDERED.

June 11, 2026                                                        */s/ Benita Y. Pearson*
Date                                                                   Benita Y. Pearson
                                                                         United States District Judge

7